United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30761
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN JOSHUA JOHNSON, also known as Shawn Johnson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-47-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shawn Joshua Johnson appeals the 63-month sentence he received following his guilty-plea conviction for violating the Federal Gun Control Act. He renews his argument, preserved in the district court, that his constitutional rights were violated when the district court assessed a two-level enhancement, pursuant to U.S.S.G. § 3C1.1 (obstruction of justice), based on judicially determined facts, citing Blakely v. Washington, 542 U.S. 296 (2004).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to the recent decision in <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), for sentencing errors preserved in the district court, "we will ordinarily vacate the sentence and remand," unless the error is harmless. <u>United States v. Pineiro</u>, 410 F.3d 282, 284 (5th Cir. 2005). The two-level enhancement here violated Johnson's Sixth Amendment right to trial by jury. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756. Given the district court's statements at sentencing, the Government cannot carry its burden of demonstrating beyond a reasonable doubt "that the district court would have imposed the same sentence absent the error." <u>Pineiro</u>, 410 F.3d at 286.

Johnson's sentence is vacated, and this case is remanded for resentencing. <u>See</u> <u>Pineiro</u>, 410 F.3d at 284.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.